GEORGE W. MALTBY & SONS COMPANY, Plaintiff, v. WALTER W. WADE and UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendants.

Supreme Court, Erie County, January 10, 1928.

Guaranty and suretyship — action by materialman on surety bond issued to general contractor — contract called for construction of school building in city of Buffalo — Education Law, § 875, subd. 8, gave power to school board to determine requirements of bond — bond specifically stipulated that any person furnishing material could maintain action — city of Buffalo is fully protected and balance on bond is sufficient to pay plaintiff — plaintiff may sue on bond — limitation of actions — action did not accrue as each installment was due — action accrued on completion of contract.

The city of Buffalo entered into a contract for the construction of a school building. Acting under the authority of subdivision 8 of section 875 of the Education Law, it fixed the requirements of the bond which the general contractor gave, and there is a stipulation in the bond that any person furnishing material in or about the execution of the contract might maintain an action to recover for the same against the obligor on the bond, the same as though such person were named therein. At the request of the general contractor, on his default, the plaintiff furnished materials which went into the erection of the building. The city of Buffalo has been fully protected and there still remains a balance unexhausted on the bond.

The plaintiff has the right, under the provisions of the bond, to maintain this action, for the bond expressly stipulated that a person furnishing material might sue on the bond as though such person were named therein as a party.

The bond provided that any cause of action in favor of a person furnishing material must be brought within one year after the cause of action accrues. Plaintiff's contract relating to the terms of payment provided for the payment of ninety per cent each month for materials delivered, and that the balance would be due upon acceptance by the supervising architect after final delivery. A cause of action did not accrue each month in reference to the installment then due, but accrued only when the dominant purpose of the bond had been fulfilled, that is, upon completion of the deliveries of the material. Had the plaintiff brought an action upon the bond prior to the completion of its contract, it would have been required to await the default of the general contractor and the determination of the claim of the city of Buffalo, if any, upon the bond. Therefore, the one-year Statute of Limitations had not run at the time the action was brought.

ACTION by a materialman upon a surety bond issued to a general contractor.

*Coatsworth & Diebold [Edward L. Jung of counsel], for the plaintiff.*

*Love & Keating [Seward H. Millener of counsel], for the defendant United States Fidelity and Guaranty Company.*

HINKLEY, J. This action requires the determination of but two questions of law, the facts being without dispute.

Supreme Court, January, 1928.    [Vol. 131

The defendant United States Fidelity and Guaranty Company (hereinafter called the Surety Company) gave its bond to the board of education of the city of Buffalo to protect the city from any default upon the part of a general contractor, the defendant Wade. The bond contained the familiar clause that any materialman or laborer could recover upon the bond as though named therein.

The questions here for determination are:

*First.* Whether or not a materialman can recover against the Surety Company, by virtue of that clause in the bond; and

*Second.* Whether or not nearly all the plaintiff's claim is barred by the one-year limitation in the bond.

The defendant Walter W. Wade contracted with the board of education of the city of Buffalo to erect Elementary School Building No. 68.

The board of education is a municipal body corporate. (Education Law, § 300.)

By virtue of section 875, subdivision 8, of the Education Law (as added by Laws of 1917, chap. 786), the contract for the erection of the school was required to be let to the lowest responsible bidder furnishing the security *as required by such board.* No express authority is given the board by statute to require that the undertaking or bond be conditioned for the benefit of materialmen or laborers. There is no direction or requirement of statute as to the form of the security.

The board of education, however, did require by its contract that the defendant Wade, the general contractor, should furnish a bond " guaranteeing the faithful performance of the contract and the payment by the contractor of all obligations arising thereunder, and that any person furnishing material or rendering service in or about the execution of this contract may maintain an action to recover for the same against the obligors in such bond, the same as though such person were named therein."

The board of education then furnished to the defendant its form No. 90 of printed bond, in which the name of the obligee appears in the printed part. That form of bond so *required* by the board of education was filled out and executed by the defendant Wade and the defendant Surety Company and duly approved.

That bond contained the following clause: " Provided, however, and it is expressly understood and agreed that any person, copartnership, association or corporation furnishing material or rendering service in or about the execution of such contract, may maintain an action to recover for the same against the obligors in this bond as though such person, copartnership, association or corporation were named therein."

One of the subcontractors having become bankrupt, the defendant Wade entered into a contract with this plaintiff to furnish the material remaining unfurnished by the defaulting bankrupt subcontractor, and perform a certain amount of labor. The latter was apparently not included in the contract price.

The plaintiff's contract required that the material be furnished and set up as the building progressed. The plaintiff entirely and satisfactorily completed its contract with the defendant Wade. Subsequently the defendant Wade defaulted and he, the defendant Surety Company and the board of education entered into a written agreement. After setting forth the default and withdrawal of the defendant Wade from his contract, he assigned to the defendant Surety Company all moneys due him, all rights to material located upon the premises or in process of manufacture and all his contracts with materialmen. Wade also loaned to the defendant Surety Company the use of machinery, etc., necessary to complete the work, and called upon the defendant Surety Company to complete the contract, all with the consent of the board of education. Whether or not that contract was carried out is not material to the determination of the questions here involved. The agreement expressly provided that the principal, the Surety Company, was not released from any liability upon the bond.

The plaintiff then brought this action against the general contractor Wade and the surety, the Surety Company. Upon the application of the defendant Surety Company, the board of education was brought in as a party defendant. This was upon the theory that the dominant purpose of the bond was the protection of the city, and that plaintiff had no claim upon the penalty of the bond until that protection had been determined and given. (*Buffalo Cement Co.* v. *McNaughton,* 90 Hun, 74; affd., 156 N. Y. 702; *Fosmire* v. *National Surety Co.,* 229 id. 44, 48.)

The claim of the city at that time exceeded the amount of the penalty of the bond. After negotiations the city, by resolution of its board of education, accepted from the Surety Company the sum of $95,000 in full, and the action was discontinued as between the defendant Surety Company and the board of education. The plaintiff at no time made any claim against the board of education and had opposed its being made a party defendant.

The dominant purpose of the bond has thus been fulfilled, and there remains unexhausted in the penalty of the bond more than enough to satisfy the plaintiff's claim.

Taken alone, *Lyth* v. *Hingston* (14 App. Div. 11), decided in 1897 in this department, upon a bond given to the city of Buffalo, would be absolutely controlling in this case. The wording of the bond in

10

each case is the same. The court there found that the bond sufficiently expressed the intent of the municipality to secure protection for the materialmen and those who would render service upon the contract. The court there said, however, that, in order that plaintiff might recover, there must be some legislative interference by charter provision with the common law in the absence of some privity between the promisee and the party benefited or some obligation or duty owing from the former to the latter.

There had been at that time no legislative interference nor had there been any at the time of the execution of the bond in this case. Adopting the reasoning and determination of the court at that time, the plaintiff here, as matter of law, would have no claim against the defendant Surety Company herein.

This case must be decided, however, not by an Appellate Division precedent of 1897, but in the light of the establishment of a doctrine which " has been gradual, and is a victory of practical utility over theory, of equity over technical subtlety." (*Seaver* v. *Ransom*, 224 N. Y. 233, 237.)

Legislative interference with common law is no more deep seated nor frequent than judicial interference.

This case comes squarely within the fourth classification set forth in *Seaver* v. *Ransom* (*supra*, 238). A party .to the contract and to the bond, the board of education of the city of Buffalo, not only requested but required that the promise of indemnity run directly to the beneficiary, as though named therein, although he did not furnish the consideration. The right of the plaintiff beneficiary to sue upon this contract of indemnity made expressly for its benefit, is in line with " the prevailing rule in this country. It is just and practical to permit the plaintiff for whose benefit that clause in the contract was made to enforce it against the one whose duty it is to pay."

The case of *Fosmire* v. *National Surety Co.* (229 N. Y. 44) is distinguishable from this case in two essential particulars:

*First.* Because the dominant purpose of the bond in this case as protection to the city has been fully satisfied by settlement of the city's claim in full, and

*Second.* The *Fosmire* case was decided solely upon the ground that the bond in that case, read in its entirety, was inconsistent with an intention that the plaintiff therein should have the right to sue upon it.

On the other hand, the assumption of the court in that case that when such an intention is revealed in the bond there is no legal obstacle in the way of its enforcement, is fully supported in this case by the authority of *Seaver* v. *Ransom* (*supra*).

The statute (Education Law, § 875, subd. 8) authorizes the board of education to determine the form of the bond. The board of education in this case required, and the defendant Surety Company executed and gave a bond clearly expressing an intent to create for any person furnishing material or rendering service in or about the execution of the contract, the right to maintain action upon the bond as though named therein. The plaintiff furnished material and labor in and about the execution of the contract; the general contractor defaulted; the board of education and the city have been fully protected; there remains unpaid by the defendant Surety Company enough of the penalty of the bond to cover the claim of the plaintiff. There is no reason in law or in equity why the defendant Surety Company, standing in the place of the municipality which has had and still retains the benefit of the material and labor of the plaintiff, should not fulfill the expressed intention of the bond and indemnity the plaintiff against the default of the general contractor.

The defendant Surety Company urges that the limitation of action provided in the bond has run against all but a small portion of the plaintiff's claim.

The bond provided that any cause of action in favor of a person furnishing material or rendering services in or about the execution of the contract must be brought within one year after the cause of action accrues.

The terms of the contract would indicate that although plaintiff was to furnish certain labor it was only to be paid for materials furnished.

The clause of the contract relating to terms is as follows: " To pay the party of the second part $4744 therefor, as follows: Ninety per cent. (90%) to be paid by the 10th of each month for all materials delivered before the 20th of each preceding month, and the retained balance after the final delivery and within thirty (30) days after acceptance in place by the supervising architect."

The defendant Surety Company contends that that clause constitutes this an installment contract; that as each installment became due a cause of action accrued in favor of the plaintiff for the amount of that installment. If that were true, then all the plaintiff's cause of action, save eighty-one dollars and eighty-one cents and the retained balance, accrued more than one year prior to the beginning of this action and is, therefore, barred.

There is considerable force to that contention. On the other hand, this was a continuing contract where the material was to be furnished as the building progressed and was not one where definite, fixed, ascertained amounts were payable. There was no agreement

that materialmen and laborers should notify the Surety Company immediately or at any time of a default upon the part of the general contractor in his payments to them. While the plaintiff could have commenced action against the general contractor alone for his failure to make a specified monthly payment under the contract; its cause of action against the defendant Surety Company *upon the bond* did not accrue until the dominant purpose of the bond had been fulfilled. A cause of action in favor of plaintiff upon the bond accrued when the plaintiff was in a position to bring the action. Had the plaintiff brought action upon the bond at any time prior to the completion of its contract, it would have had to await the default of the general contractor and the determination of the city's claim, if any, upon the bond.

The case of *Fosmire* v. *National Surety Co.* (*supra*) determines that no cause of action existed in favor of this plaintiff until the city had been fully protected and there remained in the limited penalty of the bond sufficient to satisfy the plaintiff's claims or a portion thereof. Plaintiff had fully completed its contract before the default of the general contractor toward the city gave the city its cause of action upon the bond. The court, by requiring that the city be made a party to this action, determined that this action had been prematurely brought. Plaintiff's cause of action *upon the bond* could not accrue prior to a default upon the part of the general contractor toward the city, nor before the city had a cause of action, nor before the dominant purpose of the bond had not only been determined, but fully fulfilled.

Judgment may be entered in favor of plaintiff against the defendant for the amount set forth in the complaint, with costs.