KUHLMAN ELECTRIC CO. v. AMERICAN SURETY CO.

1. PRINCIPAL AND SURETY—STATUTORY BOND—RIGHT OF SUBCONTRACTOR TO MAINTAIN ACTION.

Subcontractor furnishing material to general contractor for construction of schoolhouse in State of New York may maintain action on contractor's bond, on default of contractor, under provision for action by any person furnishing material or labor, as against surety company's objection that it could not maintain action because not party to bond (chapter 140, art. 33-A, New York Statutes 1910, as amended by chapter 786, Laws 1917).

2. SAME—LIMITATION OF ACTIONS—WAIVER.

    Surety company's correspondence with subcontractor furnishing
    material for schoolhouse, promising that its claim against con-
    tractor, who had defaulted, would be disposed of when con-
    tract had been completed, and finally offering check in settle-
    ment, *held*, to constitute waiver of provision in bond limiting
    right of action to one year after it accrued.

3. SAME—PAYMENT—APPLICATION.

    Where contractor's assignment to subcontractor of money due
    under contract included antecedent debt, and amount of said
    debt was paid before contractor's default, surety on con-
    tractor's bond is not entitled to have said amount deducted
    from amount recoverable under bond for material furnished
    by subcontractor.

Appeal from Bay; Houghton (Samuel G.), J.
Submitted June 7, 1932. (Docket No. 26, Calendar
No. 36,499.) Decided September 16, 1932.

Assumpsit by Kuhlman Electric Company, a cor-
poration, against American Surety Company, a cor-
poration, on a statutory construction surety bond.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Hewitt & Brooker,* for plaintiff.

*Gilbert W. Hand* and *Harold J. Hand,* for defend-
ant.

POTTER, J. Hammer & Reed, Inc., entered into a
contract to build a schoolhouse in Buffalo, New
York. Defendant was surety on the bond of Ham-
mer & Reed, Inc., given to secure the performance
of its contract. The bond, signed by defendant,
among its conditions provided:

"That if the principal shall faithfully perform the
contract on his part, and satisfy all claims and

demands, incurred for the same, and shall fully indemnify and save harmless the board from all costs and damage which it may suggest by reason of failure so to do, and shall fully reimburse and repay the board all outlay and expense which the board may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void, otherwise it shall remain in full force and effect.''

The bond also contained a provision:

''That any person, copartnership, association or corporation furnishing material or rendering services in or about the execution of such contract may maintain an action to recover the same against the obligors in this bond as though such person, copartnership, association or corporation were named therein; but such action shall be brought within one year after the cause of action accrues.''

Plaintiff was an electrical contractor for building of electrical transformers at an agreed price of $1,449. Hammer & Reed was already indebted to plaintiff in the amount of $200 before entering into this contract. Hammer & Reed made default in the performance of the contract, and the city of Buffalo took over and completed the building. Plaintiff, June 7, 1929, as a condition precedent to the delivery of the electrical equipment in question, required Hammer & Reed to assign to them the money due and to become due from the board of education of Buffalo on their contract in the amount of $1,649. The board of education of the city of Buffalo paid to plaintiff, under this assignment, $849, and this suit was brought against the sureties of the bond of Hammer & Reed to recover the balance due. Plaintiff recovered judgment against defendant in the

sum of $800 with interest at 5 per cent. from August 17, 1931. Defendant appeals.

Defendant raises three questions:

*First.* That plaintiff was not a party to the bond sued upon and therefore cannot maintain this suit. We have already recited the conditions of the bond which was given in accordance with the provision of chapter 140, art. 33-A, of the New York Statutes of 1910, as amended by chap. 786 of the Laws of 1917. This statute, as construed in *Fosmire* v. *National Surety Co.,* 229 N. Y. 44 (127 N. E. 472); and *Strong* v. *American Fence Const. Co.,* 245 N. Y. 48 (156 N. E. 92); and *Maltby & Sons Co.* v. *Wade,* 131 Misc. Rep. 143 (227 N. Y. Supp. 90), indicates the statute was passed for the purpose of enabling persons standing in the position of plaintiff to maintain suit. We think it has a right to so maintain it.

*Second.* Defendant claims the plaintiff, not having commenced suit within one year from the time of furnishing the electrical generators, may not recover. Hammer & Reed did not complete its contract; the contract was completed by someone else. November 17, 1930, defendant American Surety Company, by its manager, wrote plaintiff: "As soon as the contract has been completed the entire matter will be cleaned up at once." December 15, 1930, Stanley & Gidley of Buffalo, attorneys for defendant, wrote to plaintiff: "This matter has been delayed due to the necessity of the surety company's completing the contract and we are not [now] awaiting receipt of final inspection certificate. As soon as this is in hand we anticipate being able to check up your account and arrange for its disposition." August 10, 1931, these attorneys wrote plaintiff: "We are ready to dispose of your claim upon payment of the sum of $600 in full set-

tlement thereof against Hammer & Reed, Inc., and of all liability of the American Surety Company of New York therefor. Upon receipt of your advices we will be glad to forward check." So far as the statute of limitations is concerned, we think these negotiations sufficient to constitute a waiver, and plaintiff has a right to maintain this suit.

*Third.* Before Hammer & Reed defaulted in the performance of their contract and its completion had been taken over by the city, they had paid plaintiff $200. This plaintiff applied upon its old account of $200 which was due from Hammer & Reed to them. Defendant claims this money, having been paid to plaintiff from the contract for the performance of which it became surety, it is entitled to have this amount applied upon the $800, and if plaintiff is entitled to recover, judgment should be limited to $600. Similar contentions in *People, for use of Hirth,* v. *Powers,* 108 Mich. 339, and *Vosburgh* v. *Middleditch,* 214 Mich. 489, were ruled adversely to defendant's claim.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.