CHARLES R. COLEY, Respondent, v. FRANK L. COHEN, Appellant, Impleaded with CITY OF BUFFALO and Others, Defendants.*

Fourth Department, December 27, 1939.

*Halpern & Friedman* [*Philip Halpern* of counsel; *Emil L. Cohen* and *Isador Setel* with him on the brief], for the appellant.

*McDonough & Boasberg* [*Robert Boasberg* of counsel; *Richard F. McDonough* with him on the brief], for the respondent.

* Affg. 169 Misc. 933.

*David Diamond, Corporation Counsel,* for the defendants City of Buffalo and Buffalo Sewer Authority.

PER CURIAM. This is an appeal by the defendant contractor from an order denying his motion for an order dismissing the second cause of action which is set forth in the complaint and which is based upon the theory that, under the provisions of a public improvement contract between the defendant contractor and the Buffalo Sewer Authority, plaintiff as a third party beneficiary is entitled — without proof of negligence — to recover against the contractor the amount of damage to his property which was caused by blasting operations. The contract, which contemplated tunneling underground and the blasting of rock and soil, contained this provision:

" 1.02. Contractor's responsibility. The Contractor in accepting this contract agrees to accept full responsibility for all damages and claims and for the defense of all actions against the Authority or City of Buffalo arising from any excavation made in connection with the work done under these specifications.

" All blasting necessary on this contract shall be done with the express provision that the Contractor shall be and is *hereunder* responsible for any and all damages and claims arising from such blasting or by accidental explosions, and for the defense of all actions arising from such causes."

The appellant contends that this provision was intended to indemnify and protect the sewer authority against any legal liability on its part and was not intended to give to the plaintiff — or to any other third party — the right to sue upon the contract. The cases upon which appellant mainly relies are *Coster* v. *Mayor, etc., of Albany* (43 N. Y. 399); *French* v. *Vix* (143 id. 90); *Corrigan Transit Co.* v. *Sanitary District* (137 Fed. 851); *United States* v. *Massachusetts Bonding & Ins. Co.* (18 F. [2d] 203); *Moch Co.* v. *Rensselaer Water Co.* (247 N. Y. 160); *Ultramares Corp.* v. *Touche* (255 id. 170, 181); *Van Clief & Sons, Inc.,* v. *City of New York* (141 Misc. 216).

Respondent chiefly relies upon the following cases: *Trumpbour* v. *Johnson Corp.* (277 N. Y. 609); *Wilson* v. *Costich Co., Inc.* (231 App. Div. 346; affd., 256 N. Y. 629); *Hale* v. *Ripton* (234 id. 631); *Rigney* v. *N. Y. C. & H. R. R. R. Co.* (217 id. 31); *Smyth* v. *City of New York* (203 id. 106); *Schnaier* v. *Bradley Contracting Co.* (181 App. Div. 538).

We believe that the instant case comes within the principle of the cases which respondent cites and that the above-quoted provisions of section 1.02 of the contract are equivalent to and susceptible of the same construction placed upon the contract provisions in *Trumpbour* v. *Johnson Corp.* (*supra*) and *Wilson* v.

*Costich Co., Inc.* (*supra*), thus imposing upon the appellant the duty to compensate one whose property is injured by blasting operations in connection with the work and — irrespective of whether the blasting was negligently done — permitting a recovery under the contract.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.