VICTOR C. LEWIS and Others, as Executors, etc., of CORA L. LEWIS, Deceased, Plaintiffs, *v.* DUNBAR & SULLIVAN DREDGING COMPANY, Defendant.

ANTHONY J. CINCOTTA, Plaintiff, *v.* DUNBAR & SULLIVAN DREDGING COMPANY, Defendant.

Supreme Court, Oswego County, August 21, 1942.

*Culkin & Amdursky [LeRoy Hodge of counsel], for the plaintiffs.*
*Cosgrove, Harter, Scanlon & Wright, for the defendant.*

SEARL, J. Defendant moves for judgment dismissing the respective complaints on the ground that the causes of action, alleged therein, did not accrue within the time limited by law for the commencement of an action thereon.

Briefly, the alleged causes of action, as disclosed by the moving and answering affidavits, arose out of the following facts:

The defendant, on the 17th day of July, 1936, entered into a contract with the State of New York for the excavation of the Barge canal, from Lock 2 in the city of Fulton, N. Y., to Lock 5 in the village of Minetto, N. Y. In carrying out its work, between December 15, 1936, and July 29, 1937, the defendant set off various charges of dynamite in close proximity to the plaintiffs' premises, resulting in damages to plaintiffs' property, and, as more particularly described in one complaint, " that as a result of said blasting operations, explosions, and the vibrations emanating therefrom, the dwelling house owned by these plaintiffs was seriously damaged due to the cracking, falling and loosening of the plaster, * * * the cracking and throwing out of alignment of the foundation, and otherwise damaging said premises."

The following pertinent provisions were contained in the contract made between the State of New York and the defendant: " The contractor shall so conduct his operations as not to damage structures along canal. * * * Any damage done to adjoining structures by the contractor shall be repaired by him at his own expense. Any damage to private lands or property caused by the contractor's operations shall be remedied by the contractor, either by repairing the damage or compensating the owner as the owner shall elect. Satisfactory legal proof shall be given the Engineer that this has been done before the final estimate is made. The contractor shall be responsible for damage to life and property due to his operations."

Plaintiffs seek recovery solely upon the terms of the contract entered into between the defendant and the State of New York, under the theory of " third party beneficiary " in *Lawrence* v. *Fox* (20 N. Y. 268).

Defendant claims that the three-year Statute of Limitations applies (Civ. Prac. Act, § 49, subd. 7), " An action to recover damages for an injury to property," as amended by chapter 558 of the Laws of 1936, applying only to causes of actions for damages to property arising after September 1, 1936, restricting the former statute from six to three years.

Plaintiff contends that the six-year Statute of Limitations applies (Civ. Prac. Act, § 48, subd. 1) being " An action upon a contract obligation or liability express or implied * * *."

The complaints set up the contract; that the defendant entered into blasting operations for the purpose of carrying out the provisions of the contract, and that as a result of the blasting operations, explosions and vibrations emanating therefrom, physical damage resulted to plaintiffs' property; and the amount of damage claimed. No reference is made in the complaints to any wrongful or negligent acts on the part of the defendant. The claim is made that regardless of the manner in which the blasting was done, the plaintiffs, regardless of any want of care in the manner or method of blasting, are entitled, under the provisions of the contract, to have the damage repaired, or compensation therefor, and that plaintiffs are electing to be compensated by way of money damages.

The question presented is one that has not heretofore been passed upon. Therefore, the conclusion must be arrived at by applying the law as established in analagous situations.

" Injury to property," as contained in the wording of subdivision 7 of section 49 of the Civil Parctice Act, is defined by section 25-a of the General Construction Law: " ' Injury to property ' is an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."

. Plaintiffs take the position that even though the utmost care were exercised by the defendant, still if any damage resulted, under the terms of the contract plaintiffs may be ccmpensated. Therefore, if no " actionable act " has been committed, there would be no " injury to property " as defined by the General Construction Law.

For damage resulting from concussions or vibrations of blasting, lawfully done, without proof of negligence, no recovery is allowed under the common law of New York. (*Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Benner* v. *Atlantic Dredging Co.,* 134 id. 156.)

Defendant's counsel urges that the " gravamen of the action " must be looked into rather than the form, to determine whether an action is *ex contractu* or *ex delicto,* and the attention of the court is called to the case of *Hermes* v. *Westchester Racing Assn.* (213 App. Div. 147). There, Justice McAvoy states that it is necessary to look into the facts of the claim to determine whether the liability is " to recover damages for a personal injury resulting from negligence." In the cited case, plaintiff was injured while attending a horse race and sought to recover under an alleged contract obligation to provide plaintiff a safe place because there was a paid admission. The court stated that " an action upon a contract obligation * * * cannot refer to an action where defendants' liability to persons attending their exhibition is predicated on the

sole ground of their negligent conduct of the enterprise resulting in a personal injury." " Negligent conduct " is referred to, and negligence was the gravamen of that cause of action. After citing several cases where the recovery sought grew out of some negligence or tort, the court distinguishes *Busch* v. *Interborough R. T. Co.* (187 N. Y. 388).

The proper answer to the inquiry in the instant cases is found in the opinion of Mr. Justice HISCOCK in the *Busch* case, last above referred to. There, a passenger claimed to have been assaulted by one of defendant's employees after the passenger had passed through a gateway upon the platform of one of defendant's stations. The question involved was whether the action was one in contract or tort. The opinion, concurred in by the balance of the court, follows: " * * * but the fact that this action was brought to recover damages largely caused by acts ordinarily treated as torts has cast a suspicion upon its character which, however natural, is not confirmed by legal analysis.

It is no bar or answer to the claim of an action in contract that one in tort might have been, and ordinarily would be, brought for the acts really complained of. The dividing line between breaches of contract and torts is often dim and uncertain. There is no definition of either class of defaults which is universally accurate or acceptable. In a general way a tort is distinguished from a breach of contract in that the latter arises under an agreement of the parties, whereas the tort ordinarily is a violation of a duty fixed by law, independent of contract or the will of the parties, although it may sometimes have relation to obligations growing out of or coincident with a contract, and frequently the same facts will sustain either class of action. (*Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382, 390.) "

Following this principle through later cases, we find a holding by Judge LEHMAN, in *Schmidt* v. *Merchants Despatch Trans. Co.* (270 N. Y. 287). There, the plaintiff sought to hold the defendant in exposing the plaintiff to certain deleterious dust resulting in a disease of the lungs known as pneumonoconiosis. Although the plaintiff alleged several distinct causes of action, the court held that all causes of action except one resulted from negligence.

In the instant cases there is no claim for negligence.

The court said in the *Schmidt* case: " None the less the Legislature may, if it chooses, impose one period of limitation for a cause of action to recover damages for a personal injury arising from negligence and different periods of limitation for a cause of action for the same injury where liability may arise on other grounds."

It is only the injury to person or property arising from negligence which constitutes an invasion of a personal right, protected by law, and, therefore, an actionable wrong.

After holding that all other counts related to a claim growing out of negligence, the court passed upon the fifth alleged cause of action in the complaint, *i. e.*, " ' An action to recover upon a liability created by statute ' which is subject to the six-year period of limitation."

The entire court held that the six-year statute prevailed as the damages alleged arose out of a violation of statute, which in express terms gave to an injured person a cause of action for damages. It will be noted that this statute afforded protection regardless of any claim of negligence. Likewise in the instant cases the claims for damages are made, not because of any alleged negligence, but because of the agreement on the part of the defendant either to repair the damage or to compensate the owner. The reasoning in the cited case is consistent with the reasoning in the instant cases, one based upon statute, the other upon contract.

The recent case of *Loehr* v. *East Side Omnibus Corp.* (287 N. Y. 670) is easily distinguishable. There, a passenger attempted to avoid the three-year Statute of Limitations under a claim of implied contract to transport her safely as a passenger on the omnibus of the defendant. She claimed that a sudden stop caused her to be thrown violently to the floor of the bus. The court held that the action sounded in tort rather than in contract.

The cases are numerous to the effect that a property owner may recover for damage done by a contractor based upon a contract entered into between a municipality and the contractor, regardless of negligence. The opinion in the much cited case of *Rigney* v. *N. Y. C. & H. R. R. R. Co.* (217 N. Y. 31, 38), states: " It exists in the fact that the city is under some obligation to protect its inhabitants, and when it enters into a contract for public work, which may result in damage to one of such inhabitants, for which otherwise he would be without remedy, the municipality may require the contractor to compensate the person injured."

Mr. Justice TAYLOR, of this Department, writing in *Wilson* v. *Costich Co., Inc.* (231 App. Div. 346) states that such a rule is based upon " municipal paternalism " and that " moral obligation " is sufficient consideration for a legal contract.

In *Hale* v. *Ripton* (234 N. Y. 631), " The alleged cause of action was based upon certain provisions of the contract whereby the contractor agreed to be responsible for and repair any damage arising from the carrying out of the contract."

At a later date, the court, in *Trumpbour* v. *Johnson Corp.* (277 N. Y. 609) although it struck out a cause of action based on negligence, held that the plaintiff could recover by virtue of a contract made by defendant with the State of New York, following which the plaintiff's premises were damaged.

In a per curiam opinion in *Coley* v. *Cohen* (258 App. Div. 292 [Fourth Dept.]), the appellant contended that a provision of this type was intended to indemnify the contracting party only and that a third party had no right to sue upon the contract. The court held that the plaintiff was entitled to sue as a third party beneficiary. In effect the contract made between the State and the defendant was akin to a contract of insurance, provided causal relationship be established.

In passing, it is interesting to note the holding in *Monahan* v. *Devinny* (223 App. Div. 547) in which the court held that " Recovery of damages could not be had for the wrong involving unskillful treatment; but plaintiff might be entitled to recover sums paid to defendants, on the contract to furnish proper medical aid, and for sums paid out for nurses and medicines or other damages that flow naturally from the breach of whatever contract was made between the parties. (*Frankel* v. *Wolper*, 181 App. Div. 485.) "

In the instant cases no claim is made in tort, but reliance is placed solely on the provisions of the contract. Therefore, defendant's motions to dismiss must be denied.

Orders accordingly.