**NEWARK INSURANCE COMPANY, a Body Corporate**

v.

**UNITED STATES.**

No. 515–56.

United States Court of Claims.
Jan. 14, 1959.

William F. Kelly and Geoffrey Creyke, Jr., Washington, D. C., for plaintiff and third party defendant, Pioneer Bank & Trust Co., respectively. Hudson, Creyke, Lipscomb & Gray, Washington, D. C., Richard H. Nicolaides and W. V. T. Justis, Herndon, Va., and Nathaniel E. Wheeler and Hans W. E. Seltmann, New York City, on the briefs.

Kathryn H. Baldwin, Washington, D. C., and Asst. Atty. Gen., George Cochran Doub, for defendant.

MADDEN, Judge.

The plaintiff was a surety on performance and payment bonds executed by the Gray Construction Company in connection with contracts to perform construction work for the Government. The con-

tractor, Gray, assigned to Pioneer Bank and Trust Company the amounts due or to become due to it under its contract with the Government. This assignment was authorized by the Assignment of Claims Act of 1940, as amended, 31 U. S.C.A. 203. The assignee gave the Government and the plaintiff notice in writing of the assignment, the notice to the plaintiff being given on January 13, 1956. On January 18 the plaintiff advised both the Government and the assignee that it did not recognize the validity of the assignment.

Even before giving its notice of January 18, the plaintiff had on January 10 advised the Government's Finance and Accounting Section at the site of the construction work that it had learned that various persons who had furnished labor and material on the contract work had not been paid by the contractor. The plaintiff requested that, pending an investigation, no further payments be made by the Government to the contractor, or to any other person.

The Gray Construction Company was performing ten contracts with the Government. On January 12 and 14 the Gray Construction Company notified the Government that it was unable to further perform its contracts. Investigation by the Government disclosed that, in fact, two of Gray's ten contracts had been satisfactorily completed. The Finance and Accounting Officer of the Government's District Office, on or about February 27, 1956, and with the approval of the Legal Office of the Division Engineer made final payment on the two completed contracts to the Pioneer Bank and Trust Company as the assignee of the contractor. The amount of the payments was $44,556.53. The plaintiff sues the Government for this sum.

The plaintiff in its petition further alleges that, at a time after Gray had advised the Government that it would not proceed with the contracts, but before the Government had made final payment on the two contracts which it found to have been completed, there was a conference between representatives of the plaintiff and officials of the Government. At this conference the Government's officials were advised that the plaintiff held assignments from the contractor which were prior in time to the assignments to the Pioneer Bank. The Government's officials assured the plaintiff that no further payments would be made on the contracts until the question had been referred to and decided by the Government's General Accounting Office.

Although the contractor had completed the performance of the two contracts, it had not fully paid the laborers and material men involved in their performance. The plaintiff as surety was obliged to pay out more than $88,000 on that account. As we have said, it is here suing the Government for the $44,556.53 which the Government paid to the assignee after the notices alleged to have been given the Government by the plaintiff.

The Government has filed an answer to the plaintiff's petition, denying liability to the plaintiff. It has also caused a summons to be served on Pioneer Bank and Trust Company, making it a third party to the suit, and demanding that, if the plaintiff should obtain a judgment against the Government, the Government should have a judgment in an equal amount against Pioneer. The asserted ground of this claim against Pioneer is that, if it turns out that the moneys paid to Pioneer should have been paid to the plaintiff, then they were paid to Pioneer under mistakes of fact and law, and hence should be paid back by Pioneer.

Pioneer has filed a motion to dismiss the third party proceeding against it, but has consented to a deferral of consideration of its motion until the court has decided whether to grant or to deny the Government's motion to dismiss the plaintiff's petition.

The Government says that, since it has no money in its hands which is owing to anyone in connection with the two contracts, there is no basis upon which it may be held liable to the plaintiff. It recognizes our decisions such as Royal Indemnity Co. v. United States, 93 F. Supp. 891, 117 Ct.Cl. 736 and National

Surety Corp. v. United States, 133 F. Supp. 381, 132 Ct.Cl. 724, to the effect that if the Government has in its hands money earned by a contractor but claimed by both an assignee of the contractor, and a surety for the contractor who has been obliged to pay out money to fulfill the contractor's obligations, the surety has the better right to the money. The Government says that those were cases where the Government was a mere stakeholder, and was satisfying the surety's superior equity out of money which the Government was, in any event, obliged to pay out to someone.

The Government says, correctly, that in the instant situation there is no stake. If the surety get a judgment against it, the government will have to pay it with its own money. That is a difference of great practical importance. Our question is whether it is of legal importance.

Surely a stakeholder, caught in the middle between two competing claimants, cannot, in effect, decide the merits of their claims by the mere physical act of delivering the stake to one of them. If his position as stakeholder becomes uncomfortable, and the claimants do not take steps to get a judicial solution of the question, the law has provided him with an interpleader proceeding by which he can deposit the stake in court and walk out free of the annoyance of being in the middle.

If it is made to appear that the Government's officials, after due notice of the facts giving rise to an equitable right in the plaintiff surety company, and of the plaintiff's assertion of such a right, paid out, without a valid reason for so doing, the money in question to someone other than the plaintiff, the plaintiff will be entitled to a judgment.

The defendant's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.