The **HANOVER INSURANCE COM-PANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 65–Civ. 3770.**

United States District Court
S. D. New York.
March 31, 1967.

852

Hart & Hume, New York City, by Lewis Stockman, New York City, of counsel, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, New York City, for the United States, by Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

## MEMORANDUM

CROAKE, District Judge.

The complaint in this action alleges that plaintiff was a surety on performance and payment bonds executed on December 30, 1959 in connection with a federal construction contract, for work to be performed at the Maximum Security Penitentiary in Marion, Illinois. The bonds were issued pursuant to the Miller Act, 40 U.S.C. § 270a et seq., on behalf of Henry C. Pulley d/b/a Pulley & Sons Construction Co. (hereafter PULLEY) by Massachusetts Bonding And Insurance Company.[1]

Plaintiff further contends that PULLEY failed to pay certain suppliers who had furnished labor and materials for the job. Pursuant to its payment bond, plaintiff made payments to such suppliers in the total amount of $25,590.38. Plaintiff now seeks summary judgment for the sum of $4,782.88, the contract balance, allegedly wrongfully paid by defendant to PULLEY after defendant had been apprised of and acknowledged plaintiff's right to the contract balance. Defendant has cross-moved for summary judgment dismissing the complaint.

The complaint alleges two causes of action. The first is an action for breach of contract under the Tucker Act, 28 U.S.C. § 1346(a) (2), alleging that the Government had breached a contract with plaintiff by making payment to PULLEY. The other cause of action is based upon the Federal Tort Claims Act, 28 U.S.C. § 1346(b), alleging that the Government had "negligently and wrongfully sent the final payment to PULLEY rather than to plaintiff."

The Tucker Act, in pertinent part, states:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \*

"(2) Any \* \* \* civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Defendant challenges the jurisdiction of this court under the Tucker Act on the grounds that no contract, express or implied, exists under the circumstances of this case. However, by the very nature of the suretyship relationship, this argument is without merit. The surety relationship is tri-partite; in this case, the defendant was the obligee—the one to whom the obligation runs. See Stearns, Law of Suretyship, (4th ed. 1934), Sec 5. See also Van Clief v. City of New York, 141 Misc. 216, 252 N.Y.S. 402 (1931). Defendant, moreover, has cited no authority supporting his argument.

Defendant further contends that plaintiff has no claim against the Government because plaintiff, having made payment under its payment bond, is not subrogated to the rights of the United States, but is remitted solely to its right of subrogation of the materialmen whom it paid, who

1. Effective July 1, 1961, Massachusetts Bonding and Insurance Co. was merged into the Hanover Insurance Company, with the latter company succeeding to all of the rights and assuming all the liabilities of the former.

have no enforceable right against the Government.

 However, upon a careful reading of the cases dealing with this issue, this argument must be rejected. In United Pacific Insurance Company v. United States, 362 F.2d 805, 808, 176 Ct.Cl. 176 (1966), the court discussed the right of the surety to the contract balance by reason of its having made payments under its payment bond as follows:

"Based upon equitable considerations, a surety which has satisfied debts of a contractor to materialmen under the terms of a payment bond concededly possesses a right of subrogation to the proceeds due a Government contractor and retained by the United States. Henningsen v. United States Fidelity & Guaranty Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (1908); National Surety Corp. v. United States, 133 F.Supp. 381, 132 Ct.Cl. 724 (1955), cert. denied, First Nat. Bank in Houston v. United States, 350 U.S. 902, 76 S.Ct. 181, 100 L.Ed. 793. See also Prairie State Nat. Bank of Chicago v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412 (1896)." [2]

Moreover, in Pearlman v. Reliance Insurance Co., 371 U.S. 132, at page 141, 83 S.Ct. 232, at page 237, 9 L.Ed.2d 190 (1962), an action brought by a surety under facts similar to the case at bar, the Supreme Court stated:

"We therefore hold in accord with the established legal principles stated above that the Government had a right to use the retained fund to pay laborers and materialmen; that the laborers and materialmen had a right to be paid out of the fund; that the contractor, had he completed his job and paid his laborers and materialmen, would have become entitled to the fund; and that the surety, having paid the laborers and materialmen, is entitled to the benefit of all these rights to the extent necessary to reimburse it. * * * "

The defendant further asserts that it is not liable for the money paid out since it no longer has the funds in its possession. However, this contention was specifically rejected in Newark Ins. Co. v. United States, 169 F.Supp. 955, 144 Ct.Cl. 655, (1959), and the reasoning advanced in that case seems sound.

Thus, since it is undisputed that the surety made payment under its payment bond, that there was a retained contract balance held by the Government, and that the Government paid this money to someone other than the surety after receiving adequate notice from the plaintiff, the motion by the plaintiff for summary judgment is accordingly granted.[3]

Submit order on notice.

2. In *United Pacific Insurance*, the court did not render judgment for the surety. However, this result was dictated by the fact that the surety had not given adequate and timely notice to the Government. In the case at bar, plaintiff did give adequate and timely notice. See defendant's exhibits 3–25.

3. Inasmuch as plaintiff was pleading in the alternative, there is no need to consider his claim for recovery predicated upon the Federal Tort Claims Act.