RILEY, Circuit Judge,
concurring.
Although I agree with the court’s decision, I concur to express two concerns: first, our imposition of federal equitable subrogation principles which may not comport with how Arkansas courts would necessarily decide this case; and second, our reversal of a respected Arkansas federal judge, who is more familiar with Arkansas legal practices than we are. Nevertheless, I am convinced we reach a just result.
*955 Given the lack of Arkansas precedent addressing the application of equitable subrogation against a stakeholder in the City’s position, it is reasonable for this court to anticipate Arkansas courts would utilize analogous precedent from the United States Court of Federal Claims.[7] We can take comfort in the Arkansas Supreme Court’s repeated assurances that equity and justice are at the heart of equitable subrogation. See, e.g., St. Paul Fire & Marine Ins. Co. v. Murray Guard, Inc., 343 Ark. 351, 37 S.W.3d 180, 183 (2001) (“The [equitable subrogation] doctrine is deeply rooted and flexible and extends as far as needed to do justice. The doctrine has as its basis the doing of complete and perfect justice between the parties without regard to form.... Equitable subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which that other party should have paid.”) (citations omitted); Fed. Land Bank of St. Louis v. Richland Farming Co., 180 Ark. 442, 21 S.W.2d 954, 955 (1929) (“[A]s the doctrine of subrogation was evolved by courts of equity for the prevention of injustice, it is administered not as a legal right, but the principle is applied to subserve the ends of justice and to do equity in the particular case before the court. Therefore no rule can be laid down for its universal application, and whether it is applicable or not depends upon the particular facts and circumstances of each case as it arises.”); see also Welch Foods, Inc. v. Chicago Title Ins. Co., 341 Ark. 515, 17 S.W.3d 467, 470 (2000) (Smith, J. Lavenski R.) (“Subrogation is a doctrine steeped in equity and generally governed by equitable principles.”).
The equities in this case clearly favor Penn National, not the City or Mitchell. The City, as stakeholder of the disputed funds, should have retained those funds for the protection of the unpaid subcontractors and the vulnerable surety. I am confident our decision is not an affront to Arkansas law. Rather, our decision is a good-faith endeavor to reach the just result Arkansas courts would have reached if faced with the same equities.

. See, e.g., Transamerica Premier Ins. Co. v. United States, 32 Fed. Cl. 308, 313-14 (1994); Newark Ins. Co. v. United States, 144 Ct.Cl. 655, 169 F.Supp. 955, 957 (1959) ("Surely a stakeholder, caught in the middle between two competing claimants, cannot, in effect, decide the merits of their claims by the mere physical act of delivering the stake to one of them.... If it is made to appear that the Government's officials, after due notice of the facts giving rise to an equitable right in the plaintiff surety company, and of the plaintiff's assertion of such a right, paid out, without a valid reason for so doing, the money in question to someone other than the plaintiff, the plaintiff will be entitled to a judgment.”).