CHARLES FOSMIRE, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant.

**Guaranty and suretyship — bond given to People of the state by contractor about to construct state highway — provision that he would pay all costs of construction, including wages of laborers — when such provision does not give laborers right of action against surety for unpaid wages.**

Where a surety company furnished for a state highway contractor a bond to the People of the state, guaranteeing full performance of the contract, and also, among other things, that the contractor would pay, or cause to be paid, in full the wages stipulated and agreed to be paid to each and every laborer employed by the contractor or by his agents, and the contractor failed to pay a laborer, this provision of the bond does not give such laborer a right of action against the surety for the wages due to him. The bond is inconsistent with an intention that the plaintiff should have a right to sue upon it. The cause of action is in favor of the People solely. The dominant purpose of the bond was protection to the state, and the state did not intend to make the

employees of its contractors the beneficiaries of a cause of action to be enforced in hostility to its own, or that the security should be exhausted at the instance and for the benefit of persons other than the state itself.

*Fosmire* v. *National Surety Co.*, 189 App. Div. 44, reversed.

(Submitted April 13, 1920; decided May 4, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 11, 1919, which reversed an order of Special Term denying plaintiff's motion for judgment on the pleading and directing a dismissal of the complaint and granted said motion.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. O. Garner* and *William J. Griffin* for appellant. The bond is an instrument under seal and the plaintiff, respondent, is neither a party nor privy thereto and cannot recover in an action upon the bond. There is no consideration supporting the claim. (*Eastern Steel Co.* v. *Globe Indemnity Co.*, 185 App. Div. 695; *Lyth* v. *Hingston*, 14 App. Div. 12; *Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31; *Townsend* v. *Rackham*, 143 N. Y. 516; *Glawatz* v. *Peoples Guaranty Search Co.*, 49 App. Div. 465.) There is no statutory authority requiring the giving or authorizing the exacting of a bond except for the benefit of the state. The highway commission is confined within prescribed statutory limits in requiring and accepting a bond and its purpose is clearly defined. (*People* v. *Crane*, 214 N. Y. 154; *Wilson* v. *Whittemore*, 92 Hun, 466; 157 N. Y. 693; *United States for Use of Bell* v. *Empire State Surety Co.*, 114 App. Div. 755.)

*Frederick E. W. Darrow* for respondent. The plaintiff is entitled to bring his action directly against the surety company notwithstanding that the instrument is under seal and that he is only mentioned as one of a class — the laborers employed by the contractor. (Code Civ. Pro. § 1915; *Matter of Stockbridge*, 10 Daly, 36; *O'Connor* v. *Such*, 9 Bosw. 318; *Bassett* v. *Hughes*, 53 Wis. 319; *Hughes* v. *Oregon R. & Nav. Co.*, 11 Ore. 437; *Coster* v. *Albany*, 43 N. Y. 399; *Pond* v. *New Rochelle W. Co.*, 183 N. Y. 330; *King* v. *Scott*, 76 W. Va. 58; *Newberry Land Co.* v. *Newberry*, 95 Va. 119; Williston on Contracts [1920], §§ 368, 370, 372; Anson on Contracts [Corbin], § 286; *Seaver* v. *Ransom*, 180 App. Div. 734; *Wright* v. *Glen Tel. Co.*, 48 Misc. Rep. 192.)

Cardozo, J. In June, 1916, Wagner & Braun entered into a contract with the state of New York for the construction of part of the state highway in the village of Saugerties. The Highway Law (Consol. Laws, chap. 25, sec. 130, subd. 7) requires every such contractor to execute a bond in the form prescribed by the commission with sufficient sureties, conditioned for the performance of the work in accordance with the contract, for the commencement and completion thereof within the prescribed time, and for the payment of any direct or indirect damages that shall be suffered or claimed on account of such construction during the time thereof and until the highway is accepted. In obedience to that statute, Wagner & Braun, as principals, and the defendant, National Surety Company, as surety, made their bond in favor of the People of the State of New York, in the sum of $25,245, with a condition which reads as follows: " Now, therefore, the condition of this obligation is such that if the said principal shall well, truly and faithfully perform the work in accordance with the terms of the contract and with the plans and specifications, and will commence and complete the work within the time

prescribed in the contract on his part to be kept and performed according to the terms and tenor of said contract and shall protect the said State of New York against and pay any excess of cost as provided in said contract and all amounts, damages, costs, and judgments which may be recovered against said State or its officers or agents or which the said State of New York may be called upon to pay to any person or corporation by reason of any damages, direct or indirect, arising or growing out of the doing of said work, or suffered or claimed on account of said construction or improvement during the time thereof and until the final completion and acceptance of the work, or the manner of doing the same, or the neglect of the said principal, or his agents or servants, or the improper performance of the said work by the said principal, or his agents, or servants, or from any other cause, and if the above bounden principal, his heirs, executors, administrators, or assigns, shall and do well and truly pay or cause to be paid in full the wages stipulated and agreed to be paid to each and every laborer employed by the said principal or by his agents, then this obligation shall be null and void, otherwise to remain in full force and virtue.''

The plaintiff, a laborer employed upon the work, brings this action against the surety to recover unpaid wages due from the contractors to himself and a fellow laborer whose assignment he holds. The question is whether the bond gives a cause of action in his favor.

We think the cause of action is in favor of the People solely (*Eastern Steel Co.* v. *Globe Indemnity Co.*, 227 N. Y. 586; *Buffalo Cement Co.* v. *McNaughton,* 90 Hun, 74; affd., on opinion below, 156 N. Y. 702). In so holding, we put our decision upon the single ground that the bond, read in its entirety, is inconsistent with an intention that the plaintiff and others in like position should have the right to sue upon it. If that intention is absent, the right to sue will be denied (*Simson* v. *Brown,* 68 N. Y.

355). A different question would be here if the bond had been conditioned for the payment of wages and nothing else. The interest of the state in the welfare of those who labor on its public works might then point to an intention to create a cause of action in their favor (*Matter of Int. Ry. Co.* v. *Rann,* 224 N. Y. 83; Williston on Contracts, secs. 372, 402. Cf. 28 U. S. Stat. 278; 33 id. 811; *Texas P. Cement Co.* v. *McCord,* 233 U. S. 157). For the purpose of this opinion, we assume, without attempting to decide, that when such an intention is revealed, there is no legal obstacle in the way of its enforcement (*Seaver* v. *Ransom,* 224 N. Y. 233; *Lawrence* v. *Fox,* 20 N. Y. 268; Williston, *supra*). But the difficulty which the plaintiff meets at the threshold of his case is in making out the intention that such a right should be conferred (*Simson* v. *Brown, supra; Garnsey* v. *Rogers,* 47 N. Y. 233; *Knickerbocker L. Ins. Co.* v. *Nelson,* 78 N. Y. 137, 153; *Pardee* v. *Treat,* 82 N. Y. 385; *White* v. *Race,* 97 N. Y. 296; *Standard Gas Power Corp.* v. *New England Casualty Co.,* 90 N. J. L. 570). The dominant purpose of this bond was protection to the state. That is plain alike from its terms and from those of the statute which required that security be given (Highway Law, *supra*). This dominant purpose will be defeated if laborers may ignore the People, and sue in their own right. They may then sue for wages as often as there is default, and exhausting the penalty of the bond, leave nothing for the state. That danger was pointed out in *Buffalo Cement Co.* v. *McNaughton* (*supra*) where a like bond was given to a city by the contractors for a sewer. " Such actions might have been brought before the completion of the sewer, and the penalty named in the bond exhausted, and the city thereby deprived of the protection which the bond was intended . to give to it." (*Buffalo Cement Co.* v. *McNaughton, supra,* at p. 79. *Lancaster* v. *Frescoln,* 203 Penn. St. 640, 644). The state did not intend to make the employees of its

contractors the beneficiaries of a cause of action to be enforced in hostility to its own. There is nothing far-fetched or visionary in the danger that would follow the recognition of such competing claims of right. In this very case, we have the admission of counsel that the state completed the work on the default of the contractors, and did so at increased cost and heavy loss, for which the bond was the security. The outcome illustrates the possibilities of a divided right of action.

The plaintiff fails, therefore, to establish that he and his fellow laborers were the donees of a right to sue (Anson on Contracts [Huffcut's ed.], p. 282; [Corbin's ed.], p. 338). The concession of such a right would do more than frustrate the purpose of the bond. It would frustrate the purpose of the statute which directed that a bond be given. The statute does not permit, and the Commission in exacting the bond did not intend, that the security should be exhausted at the instance and for the benefit of persons other than the state itself. What the defendant's liability would be if the action were prosecuted by the People, we need not now determine. That question is not here. This case is decided when we hold, as we now do, that the action will not lie at the suit of the plaintiff now before us.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered in the negative.

HISCOCK, Ch. J., CHASE, HOGAN, McLAUGHLIN, CRANE and ELKUS, JJ., concur.

Ordered accordingly.