EDWARD MCCLARE, Doing Business under the Name of BROWN PRINTING Co., Appellant, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

(Argued January 17, 1935; decided March 5, 1935.)

*Edward G. Dillon* for appellant. Plaintiff's amended complaint sufficiently alleges a cause of action for breach of contract. (*People* v. *Newberry*, 152 Mich. 292; *State* v. *Cochrane*, 264 Mo. 581.) Plaintiff's amended complaint sufficiently alleges a cause of action for the breach of a contract made by others for the benefit of plaintiff. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253; *Merrill* v. *Equitable Surety Co.*, 131 Misc. Rep. 541; *Buffalo Cement Co.*, v. *McNaughton*, 90 Hun, 74; *Matter of Bedini* v. *Hodges*, 238 App. Div. 530; *Finley* v. *Tucson*, 7 Ariz. 108; *Emanuel* v. *McNeil*, 87 N. J. L. 499;

*Spriggs* v. *State*, 161 Ind. 225; *Bowen* v. *Lovewell*, 119 Ark. 64; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *DeCicco* v. *Schweizer*, 221 N. Y. 431; *Riordan* v. *First Presb. Church*, 3 Misc. Rep. 553; *Kessler* v. *Haile Motor Co.*, 127 Misc. Rep. 413; *Coster* v. *Mayor*, 43 N. Y. 399; *Root* v. *City of Saratoga Springs*, 218 App. Div. 237.) Defendant is estopped. (*Adee* v. *Adee*, 16 Hun, 46.)

*George H. Rothlauf* for respondent. The bond is not in the form required by section 18 of chapter 714 of the Laws of 1921, and no power or authority was vested in the State Athletic Commission to require or to take the bond in suit. (*Richardson* v. *Crandall*, 48 N. Y. 348; *Cook* v. *Freudenthal*, 80 N. Y. 202; *Matter of Bedini* v. *Hodges*, 238 App. Div. 530; *Mellon* v. *Rochester Can Co.*, 220 App. Div. 487; 247 N. Y. 521.) The plaintiff cannot recover upon the bond as a simple contract made by a third party for his benefit. (*Vrooman* v. *Turner*, 69 N. Y. 280; *French* v. *Vix*, 143 N. Y. 90; *Townsend* v. *Rackhan*, 143 N. Y. 516; *Gifford* v. *Corrigan*, 117 N. Y. 257.)

FINCH, J. The motion of defendant for judgment on the pleadings has been granted and the amended complaint of plaintiff has been dismissed for insufficiency. In consequence, the allegations of the complaint must be taken for the purposes of this action as established by the facts, which, paraphrased, are as follows:

The Collar City Athletic Club, Inc., of Troy, New York, is the holder of a license to conduct boxing, sparring and wrestling matches. It first issued a surety bond to the State of New York in the penal sum of $5,000 for the faithful performance of the provisions of the act providing for professional boxing bouts. Next, as a substitute for the posting of cash deposits with the State Athletic Commission, it procured from the defendant as a compensated surety another bond, in the like sum of $5,000, to act as surety for the deposit by the athletic club, on the demand of the State Athletic Commission, of the amount of any forfeit or other indebtedness that

may be determined by the State Athletic Commission to be applicable to any boxing, sparring or wrestling match or exhibition conducted by the athletic club. Likewise, upon the demand of the State Athletic Commission, to pay and discharge any and all indebtedness ·or liability by the athletic club due and owing to any person, firm or corporation by reason of any matter or thing arising out of any sparring or wrestling match or exhibition conducted by the athletic club during the period of the license.

The plaintiff, who conducts a general printing business, knew of the existence of the bond and in reliance thereon furnished the athletic club with work, labor, services and materials in printing admission tickets, advertising circulars, cards, etc., while the bond was in force.

The State Commission has duly determined that this sum was owed by the athletic club to the plaintiff and that it was applicable to boxing, sparring or wrestling matches or exhibitions conducted by the athletic club and has made due demand that the same be paid. In other words, the express language of the bond was formally carried out by the State Commission. A judgment against the athletic club remains unpaid and defendant, after demand, has likewise refused to pay.

The Special Term dismissed the complaint upon the ground that the bond was not specifically provided for in the statute creating and defining the powers of the State Athletic Commission (Laws of 1921, chap. 714); therefore, the bond is not enforceable as a statutory bond and no recovery may be had on it as a common law obligation. The Appellate Division affirmed, two justices dissenting.

A case is thus presented where a surety bond has been issued by a compensated surety. This surety urges that the bond is void now, was void when issued, and in substance that the premiums were received and retained without consideration. It is true that the bond is not a

statutory bond and that the State Athletic Commission may have allowed its zeal to outrun its power in requiring the athletic club, if it desired to avoid the deposit of cash, to file this bond to secure payment of its forfeits and such debts as arose out of its professional bouts. To restore boxing contests in popular estimation it was necessary to assuage public opinion outraged by the repudiations and irresponsibilities of promoters and hangers-on. The State Athletic Commission was created for the purpose of having a body upon which could be centered the sole responsibility for the management of these contests. The defendant surety, when it solicited this bond, must have been aware of the terms of the statute creating the State Athletic Commission, and all the other circumstances under which the bond was given, and yet voluntarily sought the premium and gave the bond in the light of this knowledge. This bond was not made conditional, depending upon the validity of the regulations of the State Athletic Commission. The statute and the circumstances under which the bond was issued have not changed. The only change is that the liability provided for in the bond has arisen. Under these conditions, the surety either knew the law or it cannot now plead ignorance of it and obtain the aid of a court in holding void a bond duly executed, which for the purposes of receiving premiums, it held out as valid then. Provided the bond shows an unmistakable intention on the part of this surety to benefit the two classes of creditors for whose protection the bond was given, this compensated surety should be estopped to deny liability now. Particularly is this true when the plaintiff as one of the creditors for whose benefit this bond was given, knew of it, accepted it, relied upon it and because of that reliance supplied labor and material to the athletic club, and thereby suffered damage. This defendant limited its obligation to pay and discharge the debts of these two .classes of creditors by requiring the Athletic Commission to per-

form two functions before that liability should attach, namely, to make a determination that the debts arose out of boxing, sparring or wrestling matches or exhibitions conducted by the athletic club, and to demand the payment of these debts. The State Athletic Commission has performed these two functions of determination and demand. Plaintiff has sustained damage. This defendant as compensated surety has received the premiums for which it bargained. The holding out by this defendant of this bond, and the reliance thereon by this plaintiff thereby sustaining damage, is sufficient to create an estoppel against the plea of this defendant that the bond is void and has always been void. (*Adee* v. *Adee*, 16 Hun, 46; *Emanuel* v. *McNeil*, 87 N. J. L. 499; *United States* v. *Hodson*, 77 U. S. 395.)

In the case at bar we have a bond showing a clear intention on the part of this defendant to benefit two classes of creditors, namely, those who were creditors because of debts arising on account of cash forfeits, and those who were creditors because they had furnished work, labor and services in connection with the staging of boxing bouts. To the latter of these plaintiff belongs. Also it cannot be denied that the bond was exacted by the State Athletic Commission for the very purpose of assuring to the plaintiff and others similarly situated the benefit of this security. Whether in seeking this bond the State Athletic Commission exceeded its powers is beside the point, so far as concerns the intention to benefit these two classes of creditors on the part of the State Athletic Commission, the athletic club and the compensated surety. Something more is here than a mere incidental benefit, or a mere indirect or collateral advantage, a lucky find or windfall, the accidental consequence of a promise conceived for the good of some one else. Security to those who fell within the two classes of creditors above named was the end and aim of this transaction. If the promise was not for the benefit

of these two classes of creditors, it may truly be said that it was an idle act or gesture. As already noted, another bond was given for the benefit of the State in which the State was the sole beneficiary. Therefore, no competition arises between the State and another beneficiary, as was the case in *Fosmire* v. *National Surety Co.* (229 N. Y. 44). Not only is the benefit to these two classes of creditors the primary purpose of this bond but it is also the paramount purpose. To benefit them is the performance which was contracted for by the State Athletic Commission and the athletic club.

To cull from the bond its true meaning and intention it must be read in its entirety, and the purpose and effect of the bond as a whole must be considered. No other purpose appearing than to benefit the two classes of creditors named, they are to be considered beneficiaries if the bond is to be given any effect whatsoever. In addition the bond contains a valid promise by the athletic club, for whose obligations the defendant is surety, that the creditor beneficiaries will be paid. No one can deny that this is the reasonable implication expressed in the bond. Light is shed upon this intention and purpose from a consideration of those to be benefited. In a case such as that at bar, where a bond is obviously given for the benefit of two classes of creditors, the words of the bond should be read together and interpreted liberally in favor of third parties. The trend of authority followed in a majority of States is that where a compensated surety has issued a standard form of bond, it is to be interpreted liberally, and all ambiguities are to be resolved in favor of those for whose benefit the bond is given. (Corbin, Third Parties as Beneficiaries of Contractors' Surety Bonds, 38 Yale Law Journal, 1.)

Moreover, as between these two classes of creditors, neither class is preferred in the bond over the other. Nor does anything in the bond militate against equality as between these two classes of creditors. The intention on

the part of all those joining in the making of the bond being unmistakably to benefit the plaintiff, we are not concerned with the motive for this intention.

The benefit of these two classes of creditors being what was contracted for by the State Athletic Commission and the athletic club, the bond may be enforced by this plaintiff. In *Fosmire* v. *National Surety Co. (supra)*, where a similar bond was under consideration, this court, through Chief Judge CARDOZO, said: " For the purpose of this opinion, we assume, without attempting to decide, that when such an intention is revealed, there is no legal obstacle in the way of its enforcement " (p. 48). (*Seaver* v. *Ransom*, 224 N. Y. 233; *Lawrence* v. *Fox*, 20 N. Y. 268; 1 Williston on Contracts, §§ 372, 402.)

In that case no recovery was allowed to a laborer, not because he could not sue, if such was the intention, but because it was clear that the dominant purpose of the bond was protection for the State. If it had been there held that the plaintiff and his fellow laborers had a right of suit, " They may then sue for wages as often as there is default, and exhausting the penalty of the bond, leave nothing for the state." In other words, the court found that it could not have been intended in that bond to give a right of action independent of that of the State because so to do would magnify and expand the bond so as to render nugatory its main purpose of protecting the State. In denying the plaintiff his right to sue, the court said: " In so holding, we put our decision on the single ground that the bond, read in its entirety, is inconsistent with an intention that the plaintiff and others in like position should have the right to sue upon it " (p. 47). In the case at bar a totally different situation is presented. Here, as already noted, a separate bond provided for claims of the State. No obstacle to recovery lies in the fact that this bond is under seal. (*Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31, at p. 39.)

The defendant next urges that no effect may be given to this bond, since there is lacking consideration moving from the plaintiff, as well as privity. Starting with the decision in *Lawrence* v. *Fox* (*supra*), permitting a recovery by a third party beneficiary, the courts have tended to permit a recovery where there was revealed a clear intention in the obligation so to do. The requirement of some obligation or duty running from the promisee to the third party beneficiary has been progressively relaxed until a mere shadow of the relationship suffices, if indeed it has not reached the vanishing point. (Corbin, Third Parties as Beneficiaries of Contractors' Bonds, 38 Yale Law Journal, 1.)

As Chief Judge Cardozo said in *Ultramares Corp.* v. *Touche* (255 N. Y. 170, at p. 180): "The assault upon the citadel of privity is proceeding in these days apace. * * * In the field of the law of contract there has been a gradual widening of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268), until to-day the beneficiary of a promise, clearly designated as such, is seldom left without a remedy (*Seaver* v. *Ransom*, 224 N. Y. 233, 238)."

Indeed the authorities on this subject maintain that the plaintiff may recover where he is shown to be a creditor of the promisee or of some other person, and the contract calls for the performance by the promisor in satisfaction of the obligation. (Corbin, *supra*, 38 Yale Law Journal, 1.)

It is said, however, that no recovery may be had under the third party beneficiary rule where the class designated to be benefited is so broad as to include the general public or is indeterminate. But here the class consists of creditors of the Collar City Athletic Club who have supplied work or materials applicable to boxing, sparring and wrestling matches or exhibitions. Clearly the class is sufficiently narrow in scope. (*Johnson Service Co.* v. *Monin, Inc.*, 253 N. Y. 417, 419; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330.) It is not essential to the

creation of a right in a creditor beneficiary or even in the case of a donee beneficiary that he be identified when the obligation is made. (American Law Institute, Restatement of the Law of Contracts, § 139.)

The foregoing equities which arise in favor of the plaintiff, the close resemblance between the facts in the case at bar and those found in the average unilateral contract, the holding out and the filing with the State Athletic Commission of the bond in suit as a valid bond, the knowledge of it possessed by plaintiff, its reliance thereon and its damage thereby sustained, would justify, if it were necessary, a holding that in such a case it is not essential that there exists an obligation running from the named promisee to the beneficiary. (*Seaver* v. *Ransom*, 224 N. Y. 233; American Law Institute, Restatement of the Law of Contracts, §§ 135, 136, 139; 1 Williston on Contracts, §§ 373, 402; *State* v. *Cochrane*, 264 Mo. 581; *People* v. *Newberry*, 152 Mich. 292; Corbin, Third Parties as Beneficiaries on Contractors' Surety Bonds, [1928] 38 Yale Law Journal, 1.)

The judgment appealed from should be reversed, with costs in all courts and the motion denied.

LEHMAN, J. (dissenting). The State Athletic Commission is purely an administrative body. It is vested with the " sole direction, management, control and jurisdiction " over all boxing, sparring and wrestling matches and exhibitions, and has power to issue annual permits in writing for holding such boxing, sparring or wrestling matches, but only to corporations thereunto duly licensed by another administrative body designated as the license committee. Its field of operation is limited, and even in the exercise of its administrative functions within that field, the Legislature has laid down definite rules and standards. (Laws of 1921, chap. 714.) Nowhere in the law is there any intimation that it had any duty to protect merchants or artisans who furnished goods or services

to holders of licenses, or that it has any power to require any bond for the payment of any liability to such persons as a condition for granting a permit. The only statutory bond authorized by the statute is the bond required before a license is granted. Nevertheless, the board exacted the bond, upon which this plaintiff sues. That bond contains no promise to the plaintiff; it contains no offer that if members of the public will furnish labor or materials in connection with a boxing match the consequent indebtedness will be paid; it contains no promise made for the benefit of the plaintiff or of any other designated person or group. Its promise runs to the State Athletic Commission, and is to pay, but only *upon demand of the State Athletic Commission,* any and " *all indebtedness or liability*" by said principal due or owing to any person, firm or corporation by reason of any matter or thing arising out of any sparring or wrestling match or exhibition conducted by the said principal." Thus only if the Boxing Commission should choose to assume a duty not intrusted to it expressly or by implication by the Legislature and should proceed to demand payment, for such persons or corporations as it saw fit, of a debt or liability due to them, could any individual or group benefit by the promise. At best, then, we have a bond running to an administrative board, made for the purpose of enabling the board effectively to perform a function which it does not possess, to protect members of the public to whom the board owes no duty. The difficulty here is not merely one of privity between the plaintiff and the defendant. The difficulty is also that the defendant has given its promise only to an administrative board to pay any debt and liabilities of its principal arising out of any boxing. sparring or wrestling matches, *after* the administrative board has demanded such payment, though the board has no power to determine whether such payments are due, or to demand such payments in behalf of any creditors. The bond cannot

be enforced as an official bond, because the board to which the promise is made had no power to exact it, to perform its conditions or to enforce it. It cannot be enforced as a common law bond, because it lacks all the essentials of a common law contract made for the benefit of third parties.

CRANE, Ch. J., and O'BRIEN, J., concur with FINCH, J.; CROUCH, J., concurs on first ground stated in opinion; LEHMAN, J., dissents in opinion, in which HUBBS and LOUGHRAN, JJ., concur.

Judgment reversed, etc.