CHARLES H. SEGAR, Respondent, *v.* W. E. IRISH and Another, Doing Business under the Firm Name and Style of W. E. IRISH CONSTRUCTION COMPANY, Appellant.

County Court, Otsego County, September 30, 1935.

*Olmstead, Van Bergen & Preston,* for the appellant.

*Wayne L. Tyson,* for the respondent.

VAN WOERT, J.   Charles H. Segar recovered a judgment against W. E. Irish and others before a justice of the peace and a jury in the town of Unadilla on April 4, 1935, in the sum of twenty-six dollars and four cents.   An appeal is taken.   The amount involved is small, but the principle important, and the results are of consequence to many others seeking the same relief desired by this plaintiff.

Respondent's claim rested wholly upon the theory that he was a third party beneficiary under a contract between defendant, appellant, and a central school district (embracing certain portions of the towns of Unadilla and Butternuts in Otsego county and the town of Sidney in Delaware county) whereby construction of a central school building was provided.

Respondent was a carpenter employed upon such construction. He lost the tools of his trade in a fire which destroyed a toolhouse maintained by his employer.   His substantial claim is that under a clause in the contract between the appellant employer and the school district, whereby insurance of " materials " was required, protection of his tools was included.

There must be a distinction between " tools " and " materials." Common sense indicates that " materials " are the elements entering into construction, and that " tools " are but mere instruments of operation, moulding wood, stone, brick, plaster, cement, paint, etc., into permanent form, and do not remain with the body of the work.   " Tools " are customarily removed by artisans and remain their own property and are no part of the erected structure. Accordingly, we are forced to the belief that any requirement in a contract that a contractor procure fire insurance covering " materials " cannot be extended to include protection of the trade implements of artisans employed upon the work.

Furthermore, the reasoning of Judge CARDOZO in *Fosmire* v. *National Surety Co.* (229 N. Y. 44) is almost conclusive.   In that case recovery for unpaid wages was denied to a workman in his

action upon a bond providing for the payment of same to workmen employed by the bonded contractor. This was upon the principle that there was no consideration, the bond being for the benefit of the municipality. The contract here under consideration had a standing no higher, being for the protection of the school district which owed no obligation to these workmen.

A simple and concise pronouncement of the principle involved is "An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee." (Restatement, Contracts, § 147.) The respondent here, if beneficiary at all, was undoubtedly an "incidental" beneficiary. Neither he nor his group was mentioned in the contract, or party to it in any recognized way, nor did any of the contracting parties owe him or them any duty resting upon a suitable consideration.

Many questions are raised upon this appeal, but we leave them aside as their solution, although interesting, is not required to determine the main question here presented. Sympathy must go out to the many honest workmen, trained in their respective trades, who lost their means of livelihood in this fire. However, their relief, if any, lies along another channel as they are not third-party beneficiaries under this contract, and may not recover on that ground.

As this appeal is presented as a test matter, we exercise the discretion provided by law. (Justice Ct. Act, § 452, subd. 4.) No costs are imposed upon this plaintiff, who has lost much and can recover nothing, and has prosecuted the action not alone for his own benefit but in aid of others similarly situated.

Judgment reversed and complaint dismissed, without costs. Appellant may present appropriate order.