■ MARIE J. GOBOS, Respondent, v. GEORGE A. FULLER Co., Defendant, and SLATTERY CONSTRUCTION Co., INC., Appellant.— Action in the County Court, Westchester County, to recover damages for injuries to property alleged to have been sustained as a result of blasting operations by George A. Fuller Co., the general contractor, and Slattery Construction Co., Inc., the subcontractor doing the excavating work. The complaint alleged three causes of action. The first cause of action against Fuller and Slattery was based on negligence. That cause of action was dismissed. The second cause of action against both Fuller and Slattery was based upon a provision of the contract between them, alleged to be enforcible by the property owner as a third-party beneficiary. This cause of action was dismissed against Fuller but was sustained against Slattery. The third cause of action was against Slattery and was based upon a bond given by it to the City of White Plains as a prerequisite to the issuance of a blasting permit. This cause of action was also dismissed. The jury rendered a verdict for $1,000 in favor of the property owner. Slattery appeals from the judgment, but by notice in writing limits the appeal to the question of whether the motion to dismiss the second cause of action (the property owner's right to recover as a third-party beneficiary) was properly denied. Judgment insofar as appealed from affirmed, with costs. In our opinion the court's ruling was proper. (*Vance* v. *Yonkers Contr. Co.*, 280 App. Div. 839; *Cherry* v. *Mount Vernon Contr. Corp.*, 278 App. Div. 769; *McClare* v. *Massachusetts Bonding & Ins. Co.*, 266 N. Y. 371; *Schnaier* v. *Bradley Contr. Co.*, 181 App. Div. 538.) Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment insofar as appealed from and to dismiss the second cause of action alleged in the complaint as against appellant, being of opinion that the evidence adduced was insufficient to establish any contractual basis for recovery by respondent against appellant. The dominant purpose of the contractual provisions, upon which respondent relied, was the protection of the general contractor, George A. Fuller Co., from liability for damages for injuries to person or property resulting from the acts of appellant during the progress of the work.