Mario Pittoni, J.
This is a motion by two of the defendants, John T. Brady & Company, Inc., and Fidelity and Deposit Company of Maryland, for summary judgment, under rule 113 of the Rules of Civil Practice, dismissing the complaint as to them.
The action is for goods sold and delivered to a subcontractor on the Nassau County Office Building. The third and fourth causes of action pleaded in the complaint are the only ones in which the movants are defendants, and assert claims against them under a payment bond (third cause of action) and a construction bond (fourth cause of action) delivered to the county by the defendant Brady Company, as general contractor, and the defendant surety company, as surety.
There is little question that the plaintiff has no cause of action under the construction bond (Fosmire v. National Sur. Co., 229 N. Y. 44, 47). The language of this bond is substantially that of the bond construed in the Fosmire, case as creating no *86 cause of action for those in the plaintiff ’s position. The existence of the payment bond furnishes added reason for concluding that the construction bond was not for the plaintiff’s benefit.
The payment bond, which was without doubt for the benefit of those in the plaintiff’s position, contains the following language: “ 3. No suit or action shall be commenced hereunder * i:? * (a) Unless claimant shall have given written notice to the following: The Principal, the Owner, and the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials Avere furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the Principal, Chvner and Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in AAdiich legal process maybe served in the state in which the aforesaid project is located, save that such service need not be made by a public officer.”
The basis for the defendants’ motion for summary judgment on the third cause of action is the claim that no notice Avas given to the surety company or the county, as required by the provision quoted. The plaintiff admits that no such notice was given and pleads and asserts a waiver by the conduct of the surety company. An examination of the affidavits raises a question as to whether there was notice to the contractor strictly in compliance with the provisions of the .bond.
Be that as it may, the proof presented demonstrates the existence of an issue of fact, at least as to the waiver of the notice described by the quoted provision of the contract, which cannot be determined on affidavits, but only on a trial. The defendants’ motion for summary judgment is therefore denied.