## (March 2, 1961)

■ NEW YORK PLUMBERS SPECIALTIES COMPANY, INC., Respondent-Appellant, v. COLUMBIA CASUALTY COMPANY, Appellant-Respondent, et al., Defendant.— Order entered on September 27, 1960 granting plaintiff's motion to strike affirmative defenses unanimously reversed on the law, with $20 costs and disbursements to defendant-appellant-respondent and the motion denied, with $10 costs and the complaint dismissed with leave to replead. The plaintiff, by moving to strike affirmative defenses for insufficiency, in turn exposes its complaint to like scrutiny (Rules Civ. Prac., rule 109, subd. 6). Upon such examination we find the complaint to be insufficient in law. While we dismiss the complaint we do not do so on the ground urged that the bonds were for the obligees' benefit to the exclusion of the plaintiff. The bonds clearly express an intention to benefit the class of which the plaintiff is a member and it may sue thereunder. The clear expression of intent here present distinguishes this case from those where no such intent was found (cf. *Fosmire* v. *National Sur. Co.*, 229 N. Y. 44). However, while these bonds were made for the benefit of plaintiff as well as the obligees, the plaintiff's rights were to be "subject to the Obligee's priority." Such language makes the satisfaction of the respective obligees a condition precedent to the accrual of the plaintiff's rights and the failure to plead fulfillment of such condition is fatal to the complaint (*Samson Elec. Co.* v. *Buffalo Elec. Co.*, 234 App. Div. 521). In the light of the dismissal of the complaint we need not pass upon the sufficiency of the affirmative defenses. In particular we do not pass upon the sufficiency of the defense of fraud nor Special Term's conclusion with respect thereto, the resolution of such question being dependent upon the facts. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.