Per Curiam.

The Appellate Division held that plaintiff as alienor for materials and labor furnished for the improvement of privately owned real property has- no direct cause of action against the bonding company under a performance bond issued pursuant to a contract with the private owner of the improved land in which a town, to which the land was later transferred, was the obligee.
The bonding company undertook to ,see that the owners paid the costs of certain- improvements and dedicated the land to the town ‘ ‘ free and clear of all liens and encumbrances- ’ ’. There was $33,716.28 left unpaid by the landowner on plaintiff’s work- and a lien was filed which was outstanding at the time the town took title; and has been extended by court orders.
Several decisions in this court hold that a third-party performing services does not have a right of direct action on the bond in this kind of situation. The theory is that this is essentially a performance bond and not a payment bond (Fosmire v. National Sur. Co., 229 N. Y. 44; McGrath v. American Sur. Co. of N. Y., 307 N. Y. 552).
The rule is different if the “ paramount purpose ” of the bond is payment rather than performance (McClare v. Massachusetts Bonding & Ins. Co., 266 N. Y. 371; Daniel-Morris Co. v. Glen Falls Ind. Co., 308 N. Y. 464).
The principle has become so- settled that the court adheres to it and, therefore, the decision at the Appellate Division should be affirmed.
*727 The equities in favor of some relief to this plaintiff, as far as can be seen on this record, however, seem .strong. Plaintiff apparently performed work in improving the property while title was in private ownership and filed a valid lien which was outstanding when the town, protected by a bond against liens, took title.
If the lienor has no direct action against the bonding company, no reason appears in this record why it cannot enforce the subsisting and valid lien against a town taking title with this lien of record on the land in an action in equity in which the town, if it is so advised, may join the bonding company for a proper adjustment of the equitable rights of all interested parties.
The court does not, of course, pass on these questions definitively or consider defenses that may exist in ¡such a further action, .since those questions are presently not before it. It notes, merely, that the application of the rule of Fosmire is inequitable in this case and that there may be other remedies available to plaintiff.
The order should be affirmed, without costs and without prejudice to such further action by plaintiff as it may be advised to enforce its lien.
Chief Judge Ful» and Judges Burke, Soileppi, Bergan and Jasen concur; Judge Breitel concurs in result only.
Order affirmed, without costs and without prejudice to such further action to enforce its lien as plaintiff may be advised.