Frank Composto, J.
In this action upon performance and payment bonds, defendant moves to dismiss the complaint on the grounds: (1) the complaint fails to state a cause of action; (2) the plaintiff’s cause of action is barred by the Statute of Limitations, and (3) release.
The New York City Housing Authority contracted with plaintiff for the plumbing work in the construction of one of its housing projects and also contracted with Wilaka Construction Co., Inc. ("Wilaka”) for the foundation and general construction work. Wilaka’s contract required it to furnish performance and payment bonds, which were obtained from defendant.
In July, 1967, plaintiff instituted an action against Wilaka and others, including the housing authority, to recover damages sustained by reason of delays and defaults in the performance of the construction contract. An inquest was held on July 15, 1975, and plaintiff entered judgment against Wilaka for $390,875.75 on July 24, 1975. This action to recover that sum was commenced on August 1, 1975.
Defendant contends the complaint fails to state a cause of action because the plaintiff is not a beneficiary under the *958 bonds which are solely for the benefit of the housing authority. The intention of the parties to a contractor’s bond determines whether third parties have any rights thereunder (Fosmire v National Sur. Co., 229 NY 44). "We put our decision upon the single ground that the bond, read in its entirety, is inconsistent with an intention that the plaintiff and others in like position should have the right to sue upon it. If that intention is absent, the right to sue will be denied” (Fosmire, supra, p 47). These bonds were not for the benefit of the Housing Authority alone to the exclusion of all others, but clearly express an intention to benefit third parties and that clear expression of intent distinguishes this case from such cases such as Fosmire (supra), where no such intent was found. Various enactments, such as section 137 of the State Finance Law, express the public policy and interest of the State in the welfare of providers of labor and materials on public improvements.
These bonds, written on forms provided by' the housing authority, do more than express an intention to confer a right to sue upon designated third parties. They specifically provide a direct right of action by any beneficiary in its own name against either Wilaka or the defendant or both. Therefore, any beneficiary may proceed against the defendant in its own name (McClare v Massachusetts Bonding and Ins. Co., 266 NY 371; Seaver v Ransom, 224 NY 233; Lawrence v Fox, 20 NY 268; New York Plumbers Specialties Co., v Columbia Cas. Co., 13 AD2d 449; Merchants Mut. Cas. Co. v United States Fid. and Guar. Co., 253 App Div 151). Thus, the question presented here is not whether any third party has a right of action on these bonds but whether this plaintiff and others similarly situated are among those third parties who do have a right of action thereon. The court notes that the bond of a compensated surety is to be construed liberally in the interest of the promisee and beneficiaries rather than strictissimi juris (Hill v American Sur. Co., 200 US 197; McClare v Massachusetts Bonding and Ins. Co., supra; Corbin, Third Parties as Beneficiaries of Contractors’ Surety Bonds, 38 Yale LJ 1), and that ambiguities are to be resolved in favor of the beneficiaries thereof (American Sur. Co. of N. Y. v Wells Water Dist., 253 App Div 19, affd 280 NY 528).
Plaintiff contends, in essence, that since it has a claim against Wilaka. for damages for Wilaka’s improper performance under its contract, it is a beneficiary under the perform *959 anee bond which is "for the benefit of all other third persons having just claims arising out of or in connection with the said Contract and Work performed thereunder.” Plaintiff also contends that, under the payment bond, it is one of those "persons who have performed labor, rendered services or furnished materials and supplies” and "shall have a direct right of action” against Wilaka or the defendant.
Plaintiff misapprehends the nature of the bonds in question. The primary purpose of the performance bond is to indemnify the housing authority against breach by Wilaka and that of the payment bond is to assure payment to specified third parties (see Miller Act, US Code, tit 40, § 270a; see Scales-Douwes Corp. v Paulaura Realty Corp., 24 NY2d 724). They serve different purposes (State Bank of Albany v Dan-Bar Contr. Co., 23 Misc 2d 487, affd 12 AD2d 416). "There is a basic difference between a construction performance bond and a labor and material payment bond. They serve and are intended to serve entirely separate and different purposes. The construction performance bond, or, as it is sometimes referred to 'completion bond,’ is given to insure the public authority that the contract once awarded would be completed as awarded within a fixed period of time” (Extruded Louver Corp. v McNulty, 34 Misc 2d 566, 569, revd on other grounds, 18 AD2d 661). The payment bond is exacted to give effect to the public policy that persons furnishing labor and materials to a contractor on a public project shall be paid (see State Bank of Albany v Dan-Bar Contr. Co., supra).
This performance bond indemnifies only the housing authority and its requirement that Wilaka "shall pay or cause to be paid all lawful claims of Subcontractors, Materialmen, and workingmen, and all lawful claims of third persons arising out of or in connection with or because of the performance of Work at the site of the Project, then this obligation shall be void, otherwise the same to remain in full force and effect” is for the benefit and protection of the housing authority.
On the other hand, it is the payment bond with which we are now concerned since the separate performance bond is not available to this plaintiff in any event: the only issue is whether this plaintiff may enforce the payment bond. It requires Wilaka and its subcontractors to pay: "(a) Wages and compensation for labor performed and services rendered by all persons engaged in the prosecution of the Work under said Contract, ” (emphasis supplied), as well as for materials, sup *960 plies and equipment "used or consumed by said Principal or any Sub-contractor at or in the vicinity of the site of the Project in the prosecution of the Work under said Contract and any amendment or extension thereof or addition thereto;” (emphasis supplied), and it confers a direct right of action upon all persons who have performed labor, rendered services or furnished materials and supplies only in the prosecution of the work under Wilaka’s contract.
The court construes the payment bond as the defendant’s undertaking that all persons will be paid for labor, services, materials and supplies furnished in the prosecution of work under Wilaka’s contract, which is an expression of the public policy that such suppliers shall not be deprived of payment for what they have furnished. The court can find no basis for any conclusion that the bond is also intended to compensate third parties, such as this plaintiff, damaged by the manner in which Wilaka performed its contract. Since the bond protects only those involved in the prosecution of work under Wilaka’s contract, plaintiff has no cause of action thereon. It is evident to the court that amendment of the complaint cannot bring plaintiff within the protection of the bond since plaintiff was another contractor with the housing authority and whatever it did was in furtherance of its own contract, not Wilaka’s. Accordingly, the court treats this motion as one for summary judgment under CPLR 3212, which is hereby granted. In view of this determination, the other issues raised on this motion need not be considered.