◼ HERBERT F. DARLING, INC., Respondent, v CITY OF NIAGARA FALLS et al., Respondents, and INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant, et al., Defendants.—Order unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: Defendant International Fidelity Insurance Company appeals from an order denying its motion for summary judgment. Plaintiff, a subcontractor of defendant C. I. C. Enterprises, Inc., commenced this action against defendants Payload Construction Corp., International Fidelity Insurance Company, Summit Insurance Company of New York, C. I. C. Enterprises, Inc., the City of Niagara Falls, and other defendants to recover $96,997.20 allegedly owing it for work performed upon a waste water facility constructed for the City of Niagara Falls. In its action against International and Summit Insurance, plaintiff seeks to recover on bonds issued by those companies as sureties of the defaulting general contractors, Payload Construction Corp. and C. I. C. Enterprises, respectively. The complaint also pleaded a cause of action to foreclose a mechanic's lien and a cause of action against the city alleging that the city negligently misrepresented that the bond of Summit Insurance Company was adequate to insure payment for the materials and labor of plaintiff subcontractor when, in fact, Summit Insurance Company was on the verge of insolvency and was placed in liquidation within a month of the issuance of the bond. Defendant International Fidelity Insurance Company submitted a general denial in answer to the complaint and then moved for summary judgment asserting that the city had released International's bonds prior to the time plaintiff performed the work for which it seeks payment. On July 1, 1973 defendant city contracted with defendant Payload to act as general contractor for the construction and International Fidelity Insurance Company provided performance and payment bonds guaranteeing the performance of Payload and "its successors and assigns" in the amount of $292,500. Payload defaulted on the contract and on May 16, 1974, C. I. C. Enterprises, Inc., with the consent of International, took over the general contract agreeing to supply its own surety, Summit Insurance Company, and to supply proof to International that all existing claims on the project had been satisfied. International then assigned its right as surety of Payload to complete the work to C. I. C. Enterprises, Inc., and in return, on July 10, 1974, the City of Niagara Falls executed a general release in favor of International releasing it from any liability on its Payload surety bond previously issued. On August 29, 1974, after International had been re-

leased, C. I. C. Enterprises, Inc., employed plaintiff as a subcontractor. Plaintiff claims that between September 4, 1974 and January 27, 1975 it performed work of the fair and reasonable value of $116,768.11 and that a balance of $96,997.20 remains unpaid. C. I. C. Enterprises, Inc. defaulted on its construction contract and a third general contractor has completed the work. As noted, Summit Insurance Company became insolvent shortly after it bonded C. I. C. Enterprises, Inc. Plaintiff first alleges that defendant's failure to plead release as a defense bars summary judgment on that ground. Generally, a defendant's failure to plead an affirmative defense precludes it from obtaining summary judgment on the basis of the unpleaded defense (CPLR 3018, subd [b]; *Furlo v Cheek,* 20 AD2d 939; *Krohn v Steinlauf,* 11 AD2d 695). However, courts have ordered summary judgment in circumstances in which the reliance upon the unpleaded defense, whether it be an affirmative defense or merely new matter, did not cause surprise or prejudice because the plaintiff was already aware of the facts which constituted the defense *(Carlson v Travelers Ins. Co.,* 35 AD2d 351; *Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347; *Pantel v Becker,* 89 Misc 2d 239; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212, C3212:10, C3212:11, p 431). It is apparent from a reading of plaintiff's complaint in this case that plaintiff knew of the city's release of International and it cannot claim to be prejudiced or surprised by the claim of release in the motion papers. Special Term should have granted defendant summary judgment since the motion papers do not raise any factual basis upon which plaintiff may recover against International. International's payment bond contains the following paragraph: "This bond is made for the use and benefit of all persons, firms, and corporations who may furnish any material or perform any labor for or on account of said contract or rent or hire out any appliances and equipment used or employed in the execution of said contract, and they and each of them are hereby made obligees hereunder the same as if their own proper respective names were written herein as such, and they and/or each of them may proceed or sue hereon." Thus, the laborers and materialmen were third-party creditor beneficiaries of International's bond. The bond, however, was intended to create contractual rights in favor of laborers and materialmen who had commenced work prior to the release (see *McClare v Massachusetts Bonding & Ins. Co.,* 266 NY 371; *Fosmire v National Sur. Co.,* 229 NY 44, 47-48, mod on other grounds 229 NY 564; *Novak & Co. v Travelers Ind. Co.,* 56 AD2d 418; *Merchants Mut. Cas. Co. v United States Fid. & Guar. Co.* App Div 151; 4 Corbin, Contracts, §§ 781, 799). Those persons clearly had vested rights which could not be prejudiced by the city. In this case, however, the release by the city was executed before plaintiff contracted to provide services and plaintiff does not claim it relied upon the International bond when it was hired by C. I. C. Enterprises, Inc. The rights of plaintiff could not vest until it contracted with C. I. C. Enterprises, Inc. (4 Corbin, Contracts, §§ 781, 799; Restatement, Contracts, § 143; Restatement 2d, Contracts, § 142 and Comment *f),* and before it did so, the city had the power to release and discharge the insurer from all future claims *(id).* Plaintiff's complaint does not allege fraud or misrepresentation by International, and the allegations in the attorney's affidavit concerning concealment by International are conclusory and are insufficient to defeat the motion *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). (Appeal from order of Niagara Supreme Court,—summary judgment.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.