■ MICHAEL TAGLIAFERRO, Respondent, v CHARLENE TAGLIAFERRO et al., Appellants, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract, defendants Charlene Tagliaferro and Local Book Publishers, Incorporated, appeal from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), entered January 7, 1985, as denied their motion for summary judgment dismissing plaintiff's amended complaint as against them.

Order affirmed, insofar as appealed from, with costs.

Although appellants raise numerous issues on this appeal, their main contention is that Special Term erred in denying their motion for summary judgment because the amended complaint was based upon an illegal and unenforceable con-

tract between plaintiff and appellant Local Book Publishers, Incorporated. They maintain that while the subject contract appears on its face to be an "employment agreement", it was in fact a device to evade Federal and State income tax. However, it is undisputed that appellants failed to assert the affirmative defense of illegality in both their answers to the original complaint and to the amended complaint. Moreover, the record reveals that the appellants failed to raise this defense in two previous motions for summary judgment which were granted in part.

Contrary to appellants' assertions, the alleged illegality of the contract is not apparent from the allegations in the amended complaint (cf. Herbert F. Darling, Inc. v City of Niagara Falls, 69 AD2d 989). Nor may it be concluded, based upon the evidence in the record, that appellants were not required to plead illegality as an affirmative defense because plaintiff was aware that the contract was illegal and, therefore, cannot claim surprise or prejudice (CPLR 3018 [b]; cf. Carlson v Travelers Ins. Co., 35 AD2d 351).

In view of these circumstances, we agree with Special Term that the appellants failed to establish their defense "sufficiently to warrant the court as a matter of law in directing judgment in [their] favor" (CPLR 3212 [b]; Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 261). Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.