■ In the Matter of the Estate of HYMAN ALPERT, Deceased. JACK L. ALPERT et al., as Successor Executors and Trustees of HYMAN ALPERT, Deceased, Appellants. In the Matter of NETTIE ALPERT et al., as Trustees of an Express Trust Purportedly Created by ZUSMAN ALPERT, as Settlor, Respondents; CHARLES ALPERT et al., Appellants. [651 NYS2d 451] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about April 10, 1996, which denied motions to dismiss the petitions, unanimously affirmed, with costs.

Without evaluating the ultimate merits of the case, liberally construing the pleadings in favor of petitioners, and mindful that a claim should not be dismissed if a cause of action can be discerned, no matter how poorly stated (see, McGill v Parker, 179 AD2d 98, 105), we agree with the Surrogate that neither set of pleadings is ripe for dismissal at this early stage. The issue of illegality, raised to the present extent for the first time on appeal, can be considered only to the extent that no question of fact is raised (see, Muscarella v Muscarella, 93 AD2d 993, 993-994), and, in any event, can be a ground for dismissal of pleadings only when the illegality is apparent from the pleadings (see, Tagliaferro v Tagliaferro, 116 AD2d 570). We agree with the Surrogate that there are questions of fact as to the alleged illegality at bar (compare, Matter of O'Rourke, 160 Misc 2d 640, 645-646). The Statute of Frauds does not affect a cause of action for a constructive trust (see, Maynor v Pellegrino, 226 AD2d 883, 884), and, in any event, we agree with the Surrogate that the pleadings incorporate multiple writings that, in combination, contain all essential terms of the agreement. The applicable six-year Statute of Limitations " 'does not commence to run in favor of a trustee until he openly repudiates the trust and asserts and exercises individual ownership over the trust property' " (Matter of Zilkha, 174 AD2d 331, 334), and for purposes of these motions to dismiss, the repudiation must be deemed to have occurred in 1982. To the extent that relevant causes of action were asserted more than six years after such repudiation, the doctrine of relation back is available, since the original pleadings gave notice of the series of transactions or occurrences to be proved. We have considered appellants' remaining arguments and find that none of them warrant dismissal at this stage of the litigation. Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Mazzarelli, JJ.