■ COLLEEN RICH, Appellant, v NORTH AMERICAN SPECIALTY INSURANCE COMPANY, Respondent. [809 NYS2d 68]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered January 21, 2005, which denied plaintiff's motion for summary judgment in lieu of complaint and granted summary judgment to defendant-respondent, North American

Specialty Insurance Company, unanimously reversed, on the law, without costs, and plaintiff's motion granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $382,917.00, with statutory interest from August 13, 2004.

Plaintiff, an Ohio resident, was pronounced the winner of a $1 million prize in a nationwide promotional contest that she had entered on the Internet. The prize was to be paid out by the sponsors in the form of a 40-year annuity in the amount of $25,000 per year, payable in January of each year. The sponsors of this contest, one of which was a New York corporation, had filed a game of chance surety bond with the New York State Department of State, as required by General Business Law § 369-e (4), in the amount of $382,917.00, issued by defendant North American Specialty Insurance Company, to secure against a default by the contest sponsors.

After plaintiff was paid the first three yearly installments of $25,000, the sponsors informed her that they would no longer make good on their payment obligations to her. She then demanded payment from North American, the issuer of the surety bond, but it took the position that it had no liability toward her, since the bond was in favor of the People of the State of New York, and plaintiff, as a resident of Ohio, was not a protected party under the terms of the bond.

We reject the contention that the surety's obligations under the bond do not run to the nonresident plaintiff. One need not be specifically named as a beneficiary of a bond to recover thereunder. "[W]here a compensated surety has issued a standard form of bond, it is to be interpreted liberally, and all ambiguities are to be resolved in favor of those for whose benefit the bond is given" (*McClare v Massachusetts Bond. & Ins. Co.*, 266 NY 371, 377 [1935]). Notably, in a case where a workers' compensation carrier had filed a bond to cover in the event it became insolvent, this Court rejected the claim that the bond covered only New York claimants, explaining that "[w]hile the bond in form is for the benefit of the People of the State of New York, the obligation thereunder actually runs to the compensation claimants, some or all of whom may not even be residents of this State" (*Matter of General Indem. Corp. of Am.*, 251 App Div 236, 238-239 [1937], *affd* 275 NY 616 [1937]).

Plaintiff falls within the class of persons for whom the bond's benefit was intended, and indeed is the sole person in need of the protection specifically contemplated by the parties to the bond. Furthermore, a reading of the bond in its entirety demonstrates that the parties to it intended the bond to protect nonresidents of New York. The section of the bond that refers

to the bond being for the benefit of the People of the State of New York appears in the pretyped standard form, while on the first page of the document, in the blank space created for filling in the "Geographic area in New York State Covered by Promotion," the sponsor's vice president wrote, "Worldwide except where prohibited by law." Therefore, the intention of the parties to the bond, as revealed by the written insert, appears to contradict the preprinted limitation. In addition, the language of the contest rules, presumed to be known to the issuer of the bond, stated that the contest was open to residents of the United States, Canada (except for residents of Quebec) and the United Kingdom.

Construing the bond liberally, as well as resolving all ambiguities in favor of the beneficiary, the nonresident plaintiff is entitled to recover on the bond, as the intended beneficiary being secured against the default of the sponsors.

The enabling regulation, relied upon by the IAS court, does not undermine the foregoing analysis (*see* 19 NYCRR 132.4). Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.