Renk v Renk (2022 NY Slip Op 00291)





Renk v Renk


2022 NY Slip Op 00291


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 652439/18 Appeal No. 15083 Case No. 2021-00961 

[*1]Kimberly Renk, Plaintiff-Appellant-Respondent,
v
Richard Renk, Sr., et al., Defendants-Respondents-Appellants.


Michel O. Weisz P.A., Miami, FL (Michel O. Weisz of the bar of the State of Florida, admitted pro hac vice, of counsel), for appellant-respondent.
Akerman LLP, New York (Frederick Andrew Braunstein of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about March 4, 2021, which denied plaintiff's motion for partial summary judgment on her constructive trust claim and denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants' motion as to the cause of action for unjust enrichment, and otherwise affirmed, without costs.
On a prior appeal, this Court held that defendant Richard Renk, Sr.'s codicil, which referred unequivocally to the oral agreement sued upon, raised issues of fact as to whether it served to revive the limitations period for plaintiff's contract claims under General Obligations Law § 17-101 (Renk v Renk, 188 AD3d 502, 503 [1st Dept 2020]). That holding is law of the case (Carmona v Mathisson, 92 AD3d 492, 492-93 [1st Dept 2012]).
Issues of fact as to when Richard Sr. repudiated the trust and took ownership of the claimed interest preclude summary dismissal of the constructive trust claim on statute of limitations grounds (see Matter of Alpert, 234 AD2d 150 [1st Dept 1996]).
Plaintiff failed to raise an issue of fact in support of her contention that the doctrine of equitable estoppel bars defendants from asserting the statute of limitations defense. She cites Richard Sr.'s alleged reassertion of the same contractual promise but points to no separate act of deception (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789 [2012]).
Issues of fact also exist as to whether the alleged contract was supported by consideration (see generally Brembo, S.P.A. v T.A.W. Performance LLC, 176 AD3d 535, 536 [1st Dept 2019]). There is evidence that Richard Sr. received a benefit as well as testimony by plaintiff that her work for the company was in exchange for his holding her interest in his name.
Plaintiff addresses unjust enrichment as an element of her constructive trust claim, but makes no argument about the timeliness of her independent unjust enrichment claim. Accordingly, that claim should be dismissed.
Plaintiff failed to establish her entitlement to summary judgment on her constructive trust claim. Issues of fact exist as to whether certain documents upon which
she relied were effectuated, a number of the documents are only partially signed, and other documents are consistent with defendants' version of the facts.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022